LIZZIE ERTEL, Respondent, v. JOHN D. WARREN, Appellant.

Kansas City Court of Appeals, June 12, 1911.

STATUTE OF LIMITATIONS: Tacking: Running Account: Contracts for Services.    In a suit to recover for the value of services rendered to defendant, the petition alleged that she entered his service on February, 1899, and continued therein until August 1, 1909, with the exception of twelve weeks. The evidence showed that in February, 1903, she left defendant's employ without any intention of ever returning, and when she did return in June, 1903, after an absence of three months, the terms were different from what they were at the beginning. *Held*, that the second employment constituted a new contract, and the claim for services rendered under the former cannot be tacked on to the latter contract so as to constitute a running account, and thus defeat the bar of the Statute of Limitations. Hence it was error to refuse to instruct the jury that plaintiff was not entitled to recover for services rendered prior to the time when plaintiff entered into the second contract.

Appeal from the Livingston Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED CONDITIONALLY.

*Frank Sheetz* for appellant.

*Scott J. Miller* for respondent.

BROADDUS, P. J.—The plaintiff sues to recover for the value of her services rendered to the defendant. The petition contains two counts. The first alleges that defendant agreed to pay plaintiff a reasonable compensation for her services; and that relying upon such promise she entered his service on the 6th of February, 1899, and continued therein until August 1, 1909, with the exception of twelve weeks. She claims that her said services were worth five dollars per week, making a total for the whole time of the value of $2351.57. A credit is given for $163.43 paid in money and other valuables.

The second count seeks to recover a like amount for the same period of time, for services rendered at the request of defendant with like credit.

The defendant filed an answer to each count containing a general denial of the allegations of the petition, and setting up substantially the following specific defense, viz: That in January, 1899, his wife, who was plaintiff's sister, died; that plaintiff was desirous of making her home with defendant, "and to that end it was agreed by and between plaintiff and defendant, that plaintiff should keep the house of defendant, and look after and attend to his children for him and to do all things necessary thereto, and in full compensation therefor defendant was to board and clothe plaintiff, and care for and nurse her when sick and pay her bills for medicine and medical attendance, and treat plaintiff as a member of his family so long

as it was satisfactory to both plaintiff and defendant;" that it was under this arrangement that plaintiff came to defendant's home and remained till February, 1903, when she left and remained away, and while absent informed defendant that she did not intend to return to his home and requested him to send her goods and chattels to Colorado where she then was, unless defendant would pay her wages in addition to the foregoing agreement; "that defendant refused to do so, and notified plaintiff that he would employ her on the same terms as had been formerly agreed on between them," as herein before set out; that plaintiff returned to his home and entered into his services again on the same terms as before stated, and so remained until a short time before the beginning of this suit.

A like defense is interposed in the second count of the petition, and the five year statute of limitation is set up as a bar to plaintiff's recovery on both of said counts.

The plaintiff testified that she went to defendant's home in pursuance of a letter from defendant asking her to come, and that after she arrived there, the two talked about conditions under which she should remain. First, defendant said he supposed that if plaintiff had known that he was in debt she would not have come, but it was finally agreed that defendant would give her a home or pay her for her services, and that she agreed to work for defendant for pay, but that no agreement was made as to the amount of her compensation. There was no stated time for the employment, but plaintiff testified that she expected it would last about one year. She remained with defendant from February, 1899, to February, 1903, a period of four years, she left his home and for three months was in Colorado, from which place she wrote at least two letters to defendant which were introduced in evidence. In these letters she demanded better terms from defendant before she would return to his service. De-

fendant answered that if she returned it must be on the same terms as had existed prior to her leaving him. She testified that after her return from Colorado she demanded of defendant her wages. She was asked: "How much did you demand of him?" A. "I told him I thought I ought to have more than I had when I was sixteen years of age," which she explained was $2.50 a week. She was then asked: "What did he say then?" A. "Well, I will."

Plaintiff gave defendant credit for $163.43. The evidence does not disclose on what date this credit should have been entered. Plaintiff's evidence from beginning to end was somewhat vague, and at times contradictory, and upon the whole is not well supported by the facts and circumstances which surround the case. But it was for the jury to pass upon her credibility and it is not for us to say that she was wholly discredited.

The jury returned a verdict of $1265.00 for plaintiff. The cause will have to be reversed because of the error of the court in refusing to instruct the jury that plaintiff was not entitled to recover for services rendered prior to the first day of June, 1903. That part of plaintiff's demand was barred by the Statute of Limitations. In February, 1903, she left defendant's employ without any intention of ever returning, and when she did return after an absence of three months the evidence shows, if it shows any employment whatever, that the terms were different from what they were at the beginning. The second employment in any event constituted a new contract, consequently, the claim for services rendered under the former cannot be tacked onto the later contract so as to constitute a running account, and thus defeat the bar of the Statute of Limitations. The jury allowed plaintiff compensation at the rate of $2.80 a week. At the same rate of compensation, defendant would be entitled to a credit on the judgment for the four years barred by

the statute, the sum of $582.40. Should the plaintiff within ten days from this date enter a remittitur of said sum the cause will be affirmed, otherwise it will stand reversed and remanded. All concur.